SUZANNE A. LUBAN, SBN 120629
Attorney At Law
3758 Grand Ave. #4
Oakland, California 94610
Telephone 510/832-3555

Attorney for Defendant
KWAI PING WONG

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Francisco)

| | |
|---|---|
| UNITED STATES OF AMERICA, | D.C. No. CR 11-097-CRB |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR BELOW GUIDELINE SENTENCE |
| vs. | |
| KWAI PING WONG, | Date: Oct. 3, 2011 |
| Defendant. | Time: 2:00 p.m. |
| | Judge: Hon. Charles R. Breyer |

DEFENDANT KWAI WONG'S SENTENCING MEMO

At the age of 66, Kwai Ping Wong lacks any prior criminal involvement. He played a minimal role in the offense, advancing gambling chips as a floorman in a cardroom with a permissive attitude toward loansharking. He has a life-long history of continuous employment, a strong work ethic, family support and dedication to his two sons. In light of these and other 18 U.S.C. §3553(a) factors discussed below, incarceration is not necessary and would not serve any of the goals of sentencing. Mr. Wong respectfully asks this Court to accept the variance that the parties jointly recommend, which is supported by the U.S. Probation Officer – a sentence of time served plus three years of supervised release.

I. THIS COURT HAS DISCRETION TO IMPOSE A REASONABLE SENTENCE BELOW THE GUIDELINE RANGE

The Supreme Court has repeatedly held following *United States v. Booker*,

1

543 U.S. 220 (2005) that federal judges have discretion to impose a sentence under 18 U.S.C. §3553(a) that is based on their assessment of an individual's conduct, character, and history while giving consideration to the Sentencing Guidelines. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *Gall v. United States*, 552 U.S. 38, 46 (2007). Most recently in *Pepper v. United States*, __ U.S. __, 131 S. Ct. 1229 (2011), the Supreme Court focused on the federal judicial tradition for the sentencing judge "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper*, 131 S. Ct. at 1240 (quoting *Koon v. United States,* 518 U.S. 81, 113 (1996). *Pepper* reiterated the principle that "the punishment should fit the offender and not merely the crime." *Id*. (quoting *Williams v. New York*, 337 U.S. 241, 246-247 (1949)).

The Ninth Circuit has long held that a "combination of factors can together constitute a mitigating circumstance justifying a downward departure. See *United States v. Cook* 938 F.2d 149, 153 (9th Cir. 1991); *U.S.S.G. section 5K2.0*. Therefore this Court is empowered to sentence below the guideline range based on a *combination* of mitigating factors.

This Court may impose an out-of-guidelines sentence based on a combination of mitigating factors, including those which the advisory guidelines previously prohibited or discouraged by the Guidelines. *Whitehead,* 532 F.3d 991, 993 (9th Cir. 2009) (affirming probation sentence); *United States v. Menyweather*, 447 F.3d 625, 634-635 (9th Cir. 2006) (as amended). The Court is required to consider factors that the Guidelines discouraged from consideration (e.g., Age, USSG 5H1.1; Education and Vocational Skills, USSG 5H1.2; Mental and Emotional Condition, USSG 5H1.3; Employment, USSG 5H1.5; and Family Ties

and Responsibilities, USSG 5H1.6. *United States v. Ameline*, 409 F.3d 1073, 1093 (9th Cir. 2005) (*en banc*). Sentencing courts may not require "'extraordinary' circumstances" to justify a sentence outside the guideline range and may not use a rigid formula "for determining the strength of the justifications required for a specific sentence." *Gall*, 552 U.S. at 47.  Rather, this Court need only find that due to pertinent factors, the appropriate sentence falls outside the guideline range. *Rita v. United States,* 551 S.Ct. 338, 351 (2007); *Nelson v. United States*, 555 U.S. 350, 352 ("The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable").

Notable among the factors presented here is the fact that Mr. Wong never profited from his participation in the offense, he was a minimal participant, and he has lived an otherwise upstanding life of hard work and dedication to family.  In addition, none of the factors set forth in 18 U.S.C. § 3553(a)(2) require or will be served by a sentence of imprisonment for this unusual defendant.

The guideline range is 15-21 months.  Based on the unique characteristics of Mr. Wong and his role in the offense, a variance down to a sentence of time served plus supervised release with no further confinement is reasonable and appropriate under 18 U.S.C. §3553(a).

II.     CALCULATING THE CORRECT GUIDELINE RANGE

A.     The Adjusted Offense Level

The parties and the U.S. Probation Officer agree that the guideline calculations set forth in the Plea Agreement are correct:

20     Base offense level U.S.S.G. §2E2.1(a)

- 4    Minimal Role U.S.S.G. §3B1.2(a)

- 2    Acceptance of responsibility U.S.S.G. §3E1.1(a)

Adjusted offense level: 14

3

Criminal History Score: zero;   Criminal History Category: I

B. <u>Minimal Role</u>

The parties and the Probation Officer agree that Mr. Wong should receive a 4-level reduction for his minimal role under U.S.S.G. §3B1.2(c). This reduction is proper based on the contrast between his culpability and that of codefendants who either profited from the money-lending enterprise directly or worked for those profiteers as enforcers. *See United States v. Johnson*, 297 F.3d 845, 874 (9th Cir. 2002) ("[A] defendant's culpability is to be measured against his co-participants, not a hypothetical 'average participant.'").

A floorman at Artichoke Joe's, Mr. Wong was substantially less culpable than the money-lenders and enforcers who drove this offense conduct. Mr. Wong never received any payment from the illegal lenders.  He advanced chips to a cardroom customer (the informant) who sought him out at the request of a loanshark lender.  It appears that the cardroom supervisors tolerated the loansharks and looked the other way, leaving floormen like Mr. Wong with no apparent recourse other than to carry out the requests of loanshark lenders.  Although Mr. Wong was admittedly aware that the loan could be enforced through threats, violence or other illegal means, he never observed any actual violence or even threats to enforce loans.

III. <u>MITIGATING §3553(a) FACTORS</u>

Section 3553(a) directs sentencing courts to consider the defendant's personal characteristics, including his work history, hardships, and family ties and responsibilities, without hamstringing the Court to a strict set of requirements.

The Supreme Court in *Pepper* made clear that a district court is authorized to reject or disregard the Sentencing Commissions advisory proclamations that certain characteristics and conduct of the defendant are not a proper consideration

at sentencing. *Pepper*, 131 S. Ct. at 1241-1242. The Court noted: "[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *Pepper*, 131 S. Ct. at 1243 (quoting *United States v. Bryson*, 229 F.3d 425, 426 (2d Cir. 2000)).

      A.    <u>Mr. Wong Has Absolutely No Criminal History</u>

At the age of 65, this defendant aided illegal lending by loansharks during his shift as "floorman" at Artichoke Joe's. Apart from his marginal involvement in this criminal activity, Mr. Wong has led a lifetime of industrious work and dedication to family. The offense conduct is the first and only illegal activity that Mr. Wong has engaged in throughout his life. He has neither prior arrests, nor any convictions. In *United States v. Oldani*, 2009 U.S. Dist. LEXIS 50538 (S.D. W.Va. June 16, 2009), the district court recognized the "low statistical probability of recidivism for 'true first offenders,' with no prior criminal convictions or arrests." *Id.* at *19-20. *(Citing* U.S. Sentencing Commission, Recidivism and the "First Offender," May 2004 *available at* http://www.ussc.gov/publicat/recidivism_firstoffender.pdf.) A defendant of unspecified age with no prior arrests or criminal history has only a 6.8 percent chance of recidivism. It is axiomatic that a person who has reached age 65 without any prior arrests or criminal history has an even lower risk of recidivism.

Kwai Wong has led a law-abiding, industrious lifestyle. He has worked hard all of his life since childhood, and has supported and co-raised two sons. Although he was only able to complete the seventh grade, Mr. Wong has instilled in his sons the value of education and hard work. Since Mr. Wong's arrest in March 2011, he has never reverted to criminal acts. Uncomfortable with staying home after a lifetime of working, he now works as a volunteer with the Chinese Newcomers Service organization to counsel immigrants with gambling addictions.

5

Since March 2011 he has remained on pretrial release, complying with all conditions. He has demonstrated that he is willing and able to obey the law, and has already rehabilitated himself. It is clear that he will never violate the law in the future, even were this Court not to impose any official penalty at all. He has suffered from his crime significantly, by losing his livelihood, experiencing depression, and suffering the public dishonor of this prosecution.

There is no need for additional incarceration to deter future crimes or to protect the community. As the probation officer concludes: "It does not appear that [the defendant] received any financial gain from this offense, but rather that he worked in an environment wherein loansharking became acceptable within the business, and that he was aware of the illegal activity. ...He does not seem to represent a threat to the community nor is he at risk to reoffend." PSR Sent. Rec.

A variance to a sentence with no additional incarceration (i.e., time served with supervised release) to which the parties have agreed is the most reasonable sentence for this 66-year-old man with absolutely no criminal history, and for whom recidivism is extremely unlikely. The probation officer also recommends this sentence based on his independent evaluation of the facts and circumstances of this case. Sentencing Recommendation p.2.

### B.   Family Support and Obligations

The likelihood of recidivism is further reduced by the support and immediate presence of close family members. Mr. Wong has the support of his two young adult sons and his former wife Angela Chan, all of whom reside together at his home and have assisted him throughout this ordeal. The family letters convey the nature of this father's unwavering commitment to his children as well as their affection and support for him.

Mr. Wong has provided both emotional and material support to his two

sons, which has facilitated their pursuit of higher education. His older son Nathan is in his final year of college and in 2013 he plans to attain his B.S. degree in Cell and Molecular Biology. Both sons have internalized their father's work ethic and his efforts to make available to them an advanced education.

  C. <u>Imprisonment is Not Needed To Serve Any Interest</u>

In light of the characteristics of both this defendant and his particular offense conduct, imprisonment will not serve any of the goals and interests set forth in 18 U.S.C. § 3553(a)(2). See PSR para. 98 and Sentencing Recommendation pp.1-2. Mr. Wong has been a hardworking family man all of his life, and he has been forced to retire early from the only employment he knows as a result of his involvement in this offense. He poses no risk to the community and no risk of reoffending.

<u>CONCLUSION</u>

Based on all of these §3553(a) considerations, defendant submits that a variance to a sentence of time served (7 days) with a three-year term of supervised release with no further custody, is the most reasonable and appropriate sentence for this defendant. Such a sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a)(2), and would take into account a balancing of all the relevant factors. Therefore, this Court should accept the sentence that the parties jointly propose, and with which the probation officer concurs.

Dated: September 24, 2012    Respectfully submitted,

              /S/ Suzanne A. Luban
              SUZANNE A. LUBAN
              Attorney for Kwai Ping Wong